**FILED**

**Jun 25, 2026**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ERIC GRANT
United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:26-cr-00108-KES-EPG |
|---|---|
| Plaintiff, | 18 U.S.C. § 371 – Conspiracy to Engage in the Business of Dealing Firearms without a License, Travel Within the United States with the Intent to Unlawfully Deal Firearms, and Unlawfully Import Firearms without a License; 18 U.S.C. § 922(a)(1)(A), 2 – Engaging in the Business of Dealing and Manufacturing Firearms without a License; 18 U.S.C. § 924(n), 2 – Traveling within the United States with the Intent to Violate 18 U.S.C. § 922(a)(1)(A); 18 U.S.C. § 922(a)(3), 2 – Illegal Importation into State of Residency of Firearm Acquired Outside that State without a License; 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| v. | |
| HARMAN PAHAL, CAMERON CHOUANMASAY, COLTON MALONE, JULIAN CALDERON, and JASKARN BATTH, | |
| Defendants. | |

I N D I C T M E N T

COUNT ONE: [18 U.S.C. §§ 371, 922(a)(1)(A), 924(n), and 922(a)(3) – Conspiracy to Engage in the Business of Dealing Firearms without a License, Travel Within the United States with the Intent to Unlawfully Deal Firearms, and Unlawfully Import Firearms without a License]

The Grand Jury charges: T H A T

HARMAN PAHAL,
CAMERON CHOUANMASAY,
COLTON MALONE,
JULIAN CALDERON, and
JASKARN BATTH,

defendants herein, beginning on an unknown date, but no later than on or about December 10, 2024, and

INDICTMENT
1

continuing through on or about April 1, 2026, in the Counties of Fresno and Nevada, State and Eastern District of California, as well as the States of Texas, New Mexico, and elsewhere, did knowingly, combine, conspire, confederate, and agree together, with each other, and with persons known and unknown to the Grand Jury, to willfully commit certain offenses against the United States, to wit:

a)    Engaging in the business of dealing in firearms without a license, that is, not being a licensed dealer and manufacturer of firearms as described in Title 18, United States Code, Section 923, to willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A);

b)    Traveling within the United States with the intent to unlawfully deal firearms, that is, having the intent to engage in conduct that constitutes a violation of Title 18, United States Code, Section 922(a)(1)(A), to travel from any State into any other State and acquire, or attempt to acquire, a firearm in such other State in furtherance of such purpose, in violation of Title 18, United States Code, Section 924(n); and

c)    Unlawfully importing a firearm without a license, that is, not being a licensed dealer and manufacturer of firearms as described in Title 18, United States Code, Section 923, to willfully transport into the State of California, where he then resided, a firearm, said firearm having been obtained by the defendant outside the State of California, in violation of Title 18, United States Code, Section 922(a)(3).

<u>Manner and Means</u>

In furtherance of the conspiracy, PAHAL, CHOUANMASAY, MALONE, CALDERON, and BATTH, as well as others known and unknown to the Grand Jury, employed the following ways and means, among others:

1.    HARMAN PAHAL was a resident of Fresno County, California. PAHAL was not licensed to import or engage in the business of dealing or manufacturing firearms by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

2.    Cameron CHOUANMASAY was a resident of Fresno County, California. CHOUANMASAY was not licensed to import or engage in the business of dealing or manufacturing firearms by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

INDICTMENT

2

3.      Julian CALDERON was a resident of Fresno County, California. CALDERON was not licensed to import or engage in the business of dealing or manufacturing firearms by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

4.      Colton MALONE was a resident of Fresno County, California. MALONE was not licensed to import or engage in the business of dealing or manufacturing firearms by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

5.      Jaskarn BATTH was a resident of Fresno County, California. BATTH was not licensed to import or engage in the business of dealing or manufacturing firearms by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

6.      During the above-described time period, it was a part of the conspiracy that defendants PAHAL, CHOUANMASAY, CALDERON, MALONE and BATTH, who met each other while students at Bullard High School, engaged in the sale of firearms via social media.

7.      It was further a part of the conspiracy that in order to acquire more firearms for sale as well as for their personal use in committing other crimes, PAHAL, CHOUANMASAY, CALDERON, MALONE and BATTH traveled from California to Texas before returning from Texas to their homes in California with firearms.

Overt Acts

In furtherance of the conspiracy, PAHAL, CHOUANMASAY, MALONE, CALDERON, and BATTH, as well as others known and unknown to the Grand Jury, committed the following acts to effect the object of the conspiracy in the Eastern District of California and elsewhere, among others:

8.      On December 11, 2024, Harman PAHAL, Cameron CHOUANMASAY, and Julian CALDERON traveled from the County of Fresno, State and Eastern District of California, to the Dallas/Forth Worth area, State and Northern District of Texas.

9.      While in Texas, PAHAL, CHOUANMASAY, and CALDERON acquired firearms, including specifically "Draco" AK-style pistols and other handguns, through means unknown to the Grand Jury.

10.     On or about December 16, 2024, while in Texas, Harman PAHAL offered firearms for sale on social media, available as soon as he returned to Fresno.

INDICTMENT                                                      3

11. On or about December 17, 2024, Jaskarn BATTH and Colton MALONE joined PAHAL, CHOUANMASAY, and CALDERON by traveling from the County of Fresno, State and Eastern District of California, to the Dallas/Forth Worth area, State and Northern District of Texas.

12. On or about December 18, 2024, PAHAL, CHOUANMASAY, CALDERON, MALONE and BATTH returned from Texas to the County of Fresno, State and Eastern District of California, in possession of firearms they acquired in Texas.

13. On or about December 20, 2024, while in the County of Fresno, CHOUANMASAY discussed selling two Draco-style pistols on social media.

14. On or about December 20, 2024, while in the County of Fresno, PAHAL used social media to try to broker a deal for multiple Glock-style handguns.

All in violation of Title 18, United States Code, Sections 371, 922(a)(1)(A), 924(n), and 922(a)(3).

COUNT TWO: [18 U.S.C. § 922(a)(1)(A), 2 – Engaging in the Business of Dealing and Manufacturing Firearms without a License]

The Grand Jury charges: T H A T

HARMAN PAHAL,
CAMERON CHOUANMASAY,
COLTON MALONE,
JULIAN CALDERON, and
JASKARN BATTH,

defendants herein, beginning on an unknown date, but no later than on or about December 10, 2024, and continuing through on or about April 1, 2026 in the County of Fresno, State and Eastern District of California, and elsewhere, not being a licensed dealer and manufacturer of firearms as described in Title 18, United States Code, Section 923, did willfully engage in the business of dealing and manufacturing in firearms, all in violation of Title 18, United States Code, Section 922(a)(1)(A) and 2.

COUNT THREE: [18 U.S.C. § 924(n), 2 – Traveling within the United States with the Intent to Violate 18 U.S.C. § 922(a)(1)(A)]

The Grand Jury charges: T H A T

HARMAN PAHAL,
CAMERON CHOUANMASAY,
COLTON MALONE,
JULIAN CALDERON, and
JASKARN BATTH,

INDICTMENT

4

defendants herein, between dates on or about December 10, 2024 and on or about December 19, 2024, traveled from the County of Fresno, State and Eastern District of California, into another State, including but not limited to the States of New Mexico and Texas, with the intent to engage in conduct that constitutes a violation of Title 18, United States Code, Section 922(a)(1)(A), and acquired and attempted to acquire a firearm in such other State in furtherance of such purpose, all in violation of Title 18, United States Code, Sections 924(n) and 2.

COUNT FOUR:  [18 U.S.C. § 922(a)(3), 2 – Illegal Importation into State of Residency of Firearm Acquired Outside that State without a License]

The Grand Jury charges: T H A T

HARMAN PAHAL,
CAMERON CHOUANMASAY,
COLTON MALONE,
JULIAN CALDERON, and
JASKARN BATTH,

defendants herein, on or about December 18 and 19, 2024 in the County of Fresno, State and Eastern District of California, and elsewhere, not being a licensed dealer, importer, manufacturer, and collector of firearms, as described in Title 18, United States Code, Section 923, willfully did transport and receive into the State of California, where he then resided, a firearm, said firearm having been purchased and obtained by the defendant outside the State of California, all in violation of Title 18, United States Code, Section 922(a)(3) and 2.

FORFEITURE ALLEGATION:    [18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1.    Upon conviction of the offense alleged in Counts One and Three, of this Indictment, defendants HARMAN PAHAL,CAMERON CHOUANMASAY, COLTON MALONE, JULIAN CALDERON, and JASKARN BATTH shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from traceable to such offense.

2.    Upon conviction of the offenses alleged in Counts Two through Four of this Indictment, defendants HARMAN PAHAL,CAMERON CHOUANMASAY, COLTON MALONE, JULIAN CALDERON, and JASKARN BATTH, shall forfeit to the United States pursuant to Title 18, United

INDICTMENT

5

States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

4.     If any property subject to forfeiture, as a result of the offenses alleged in this Indictment, for which defendants are convicted:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

/s/ Eric Grant
_____
ERIC GRANT
United States Attorney

INDICTMENT                                           6